UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                              Civil No. 21-cv-238-JL

Charles Greenhalgh

**REPORT AND RECOMMENDATION**

Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. No. 1, #5248) and amended complaint (Doc. No. 4, #5249)[1] against Judge Charles Greenhalgh, a state court judge who presided in a case in which Mrs. Amatucci alleges she was wrongfully convicted of assault. She alleges that Judge Greenhalgh violated her constitutional rights in that proceeding. The complaint is before the court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3.

**Standard of Review**

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). In considering whether a pro se complaint states a claim, the court construes the pleading

---

[1] The court construes Document Nos. 1 and 4, in the aggregate, to be the complaint in this case.

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

## Background

Mrs. Amatucci was charged with assault in November 2018. See State v. Amatucci, No. 464-2018-CR-01490 (N.H. Cir. Ct., 3d Cir., Dist. Div. – Ossipee).  She unsuccessfully attempted to have the charge dismissed, and the trial was eventually held on November 21, 2019.  Judge Greenhalgh found Mrs. Amatucci guilty of assault, imposed a fine of $620 which was suspended for one year, conditioned on her good behavior during that year.  Judge Greenhalgh also required that she attend anger management counseling.  Mrs. Amatucci filed several motions to overturn the guilty verdict against her, which were either resolved against her or remain pending in state court.

In her complaint, Mrs. Amatucci challenges Judge Greenhalgh's status as a judge, his jurisdiction in the criminal case, the evidence presented against her, and the rulings he made in the case. She seeks one million dollars in damages from Judge Greenhalgh, alleging that he caused "severe mental anguish upon the Plaintiff a person of 82 years old." Doc. no. 1, ¶ 19.

## Discussion

Under the doctrine of judicial immunity, judges are "absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Judges are immune from civil liability although the challenged judicial acts "are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." Id. at 356. A judicial act is a function normally performed by a judge, a "traditional adjudicatory function." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). A judge's rulings, decisions, and orders in a case before him or her are part of the traditional adjudicatory functions of a judge, which are protected by judicial immunity. Id. at 616-17.

Mrs. Amatucci challenges Judge Greenhalgh's rulings and decisions in the state criminal case against her. Her

3

allegations that Judge Greenhalgh was not acting as a judge and that he lacked jurisdiction in the case when he made those rulings and decisions are incorrect. The actions she alleges fall directly into the category of traditional adjudicatory functions that are protected by judicial immunity. Accordingly, the district judge should dismiss this case in its entirety.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (Doc. Nos. 1,4) in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 2, 2021

cc: Josephine Amatucci, pro se

4